JOHN A. VAN ORDEN, appellant,

*v.*

NELSON L. BUDD, respondent.

Where a person took an absolute conveyance, but which was, in point of
fact, a mortgage, and sold the premises as his own, repudiating the interest of
the grantor, and took a mortgage for part of the consideration money—*Held*,
that it was not inequitable to charge him, in his accounts with the grantor,
with the amount of the money secured by the mortgage taken by him, as so
much cash in hand.

On appeal from a decree advised by the vice-chancellor, whose
opinion is reported in *Budd* v. *Van Orden, 6 Stew. Eq. 143.*

*Mr. Theo. Little,* for appellant.

Not disputing but that the deed, though absolute on its face,
may be shown by parol to have been in fact intended to be only
a mortgage, I submit:

I. That to so control and qualify the plain and absolute terms
of a deed, the evidence must be clear, unequivocal and convincing,
and such as to show that the grantee's claim that the transaction
was originally a purchase, is inconsistent with the subsequent
conduct of both parties, and such as, if sustained, will defraud
the grantor of some valuable right.

The proof must go further than merely to show that the
grantee agreed that the deed should not be held and used as an
absolute conveyance. If the grantor executed it, knowing, at the
time, it did not express the true agreement, he cannot be relieved
from the consequences of his own act. *Lord Irnham* v. *Child,*
*2 Bro. C. C. 93 ; Selden* v. *Myers, 20 How. 506 ; 2 Lead. Cases
in Eq. 944, 1011 ; Clark* v. *Condit, 3 C. E. Gr. 359 ; Decamp*
v. *Crane, 4 C. E. Gr. 169 ; Sweet* v. *Parker, 7 C. E. Gr. 453.*

But the one element or characteristic of a mortgage, and which
distinguishes it from a deed, is the agreement for a defeasance.
This is of the very essence of a mortgage, and unless it exists in
some form, by agreement between the parties, the instrument is

not a mortgage. *1 Jones on Mort.* §§ *16, 241, 256, 263; 2 Cruise Digest, title x, ch. 1 § 11; 1 Wash. Real Prop. ch. 16 § 1; Montgomery v. Bruere, 1 South. 269.*

Such agreement for defeasance must also have been made at the time the deed was executed. The grantor cannot speculate upon the chances for depreciation or appreciation of the property. *1 Jones on Mort.* §§ *256, 263; Kearney v. Macomb, 1 C. E. Gr. 194; Youle v. Richards, Sax. 537; Crane v. Bonnell, 1 Gr. Ch. 265; Clark v. Condit, 3 C. E. Gr. 359; Phillips v. Hulsizer, 5 C. E. Gr. 308; Judge v. Reese, 9 C. E. Gr. 390; Melick v. Creamer, 10 C. E. Gr. 429.*

Indeed, so essential is this feature of defeasance or right of redemption, that it is the one ground on which the jurisdiction of the court, in cases of this kind, is declared to be founded. *2 Story Eq. Jur.* §§ *1018, 1019; 4 Kent Com. 143.*

II. But the case does go further, and shows most conclusively that the one element which characterizes a mortgage and distinguishes it from an absolute conveyance, is entirely absent—that is, the right of redemption or defeasance.

No resumption or reconveyance was ever contemplated, and if not, there could have been no mortgage, for that is defined to be " an estate defeasible by the performance of a condition subsequent." *1 Wash. Real Property ch. 16 § 1.*

III. The evidence is not only inconsistent with the idea that the deed was intended as a mortgage, but is entirely consistent with the defendant's claim that it was intended as an absolute sale to him.

(*a*) The form of the deed is such as it would have been if a sale had been made.

(*b*) The condition of the estate and of the complainant were such as to make such sale desirable.

(*c*) Both parties subsequently declared it to be a sale, and not merely a mortgage.

(*d*) The consideration of $900, expressed in the deed, and the mode in which it was paid, and complainant's receiving and holding Mr. Van Orden's note for $400, clearly indicate a pur-

chase.   The other heirs or devisees sold their interest for about $1000 per share, and some for even a less amount.

IV. If, however, while it appears from the evidence the deed was made as the parties intended it should be, the claim shall be set up by the complainant that there was an agreement on the part of the defendant to hold it in trust for the complainant, or to receive and hold his share of the estate when it was settled, in trust, to pay the $500 advanced to him, and the remainder, after payment of his notes, in trust for him, it is such an agreement as cannot be sustained.   It is clearly within the statute of frauds.   *Hutchinson* v. *Tindal, 2 Gr. Ch. 362 ; Eaton* v. *Eaton, 6 Vr. 292 ; Baldwin* v. *Campfield, 4 Hal. Ch. 894, 900, 904 ; Whyte* v. *Arthur, 2 C. E. Gr. 523 ; Servis* v. *Nelson, 1 McCart. 100 ; Hogan* v. *Jaques, 4 C. E. Gr. 126 ; Brown* ads. *Combs, 5 Dutch. 39 ; 1 Lead. Cases in Eq. 351, 356, 359, 1013, 1014 ; Brown on Stat. of Frauds, ch. xix.,* §§ *437, 442 ; Fullar* v. *Hood, 10 Casey 365 ; Lamborn* v. *Watson, 6 Harr. & Johns. 252.*

V. If the evidence should be held to warrant the decree that this deed was intended to be only a mortgage, the rule adopted by the vice-chancellor, in stating the account between the parties, was inequitable and unjust.   *Kearney* v. *Macomb, 1 C. E. Gr. 194 ; 1 Jones on Mort.* §§ *256, 263.*

*Mr. Jos. Coult,* for respondent.

I. The conveyance made by Nelson L. Budd and wife, the respondent, to John A. Van Orden, the appellant, was made as security for a loan of money by way of mortgage, and was not an absolute conveyance.   It was properly held to be a mortgage.

II. The appellant having sold the property pledged, without the assent of the respondent, the appellant should account to him for the sum for which he sold it, and not for its supposed actual value.   He became trustee for the mortgagor.   *Perry on Trusts* § *431* and *Baldwin* v. *Bannister,* note ; *Robinson* v. *Pettit, 4 P. Wms. 251 ; Cornell* v. *Pierson, 4 Hal. Ch. 478 ; Jones on Mort.* § *341 ; Meham* v. *Forester, 52 N. Y. 277.*

III. The appellant lost his right to object to the master's report by failure to file his exceptions; set down the cause for hearing, and give notice thereof, within the time limited in the rule *nisi*. They were properly stricken from the files. *Weber* v. *Weitling, 3 C. E. Gr. 39; Morris* v. *Taylor, 8 C. E. Gr. 134.*

IV. The appellant, by the master's report and final decree, is allowed more than in equity he ought to be credited with, and the amount for which he should account is greater than the amount decreed to be due.

The opinion of the court was delivered by

BEASLEY, C. J.

The complainant in this case, who is the respondent in this appeal, made a conveyance in fee of certain lands to the appellant, and the purpose of the bill was to have such absolute deed declared to be a mortgage. In this endeavor he was successful in the court below. The point depended on the effect of the parol evidence, and as such evidence has been fully discussed in the opinion read in the court below by the vice-chancellor, and as I agree in the views expressed by him in this respect, it would be but a waste of time for me, at this time, to pass over that same ground. I concur in the conclusion thus reached, that the deed in question was designed by the parties to it to stand, in substance, as a security for the amount of money advanced by the appellant to the complainant, at the time of its execution.

The only misgiving that I have experienced, *touching the* correctness of the decree, has been with respect to the propriety of charging the appellant with the share of the complainant in the proceeds of the land sold, on the basis of the price obtained at such sale. The embarrassment is that the whole of such price has not yet come to the hands of the appellant, as he took, in part payment on such sale, a bond and mortgage for a certain portion of the consideration money, and it is now contended, in his behalf, that it is incompatible with correct principle, looking at the case as one between trustee and *cestui que trust,* or princi-

Van Orden *v.* Budd.

pal and agent, to charge against him, as so much cash, those moneys included in the mortgage which have not as yet been received by him. The argument is that such moneys may be ultimately lost without any fault on his part, and thus a liability to his principal may never arise.

There is, certainly, some force in this view, and it would be entitled to prevail if the facts of the case presented these parties as standing towards each other in the attitude, under usual conditions, of trustee and *cestui que trust*, or of a similar relationship. According to the view above taken on the merits, the appellant was the holder of the complainant's undivided share in these lands as mortgagee, with an authority to sell such share, rendering an account to the complainant for its product; and if, in good faith, he had proceeded to execute such authority, in behalf of his principal, there can be no question as to his right to have his accounts settled in the manner which the law prescribes for such cases. But the facts show that the appellant cannot be permitted to claim the utmost advantage of such a position as this. By his own showing, in selling this land, he did not intend to act as the agent or trustee of the complainant, but, disowning that character, and asserting his own absolute right to the land, he made sale of it as owner, and acted in that matter for himself alone. Having repudiated his representative capacity in disposing of the premises, the claim which he makes to such capacity, when his accounts are to be adjusted, cannot be considered as very forcible. Dealing with the property as his own, he took this bond and mortgage in his own right, as so much cash. It is not shown that the moneys so received cannot be collected, or are in danger of being lost. The price produced at this sale may, I think, in view of all the evidence, be taken as representing the fair value of the land sold. In this position of things, it does not seem to me to be inequitable, or abnormal, to charge the appellant, in his settlement with the complainant, with the entire amount of such price as so much cash in his hands.

This conclusion leads me to vote for the affirmance, in all respects, of the decree appealed from.

*Decree unanimously affirmed.*